JS 44C/SDNY
REV. 4/2014

14 CV 7070

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Mireille Mesias | Cravath, Swaine & Moore, LLP |

JUDGE FORREST

SEP 0 2 2014

ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
White, Ricotta & Marks, P.C., 86-12 37th Avenue, Second Floor, Jackson Heights, New York 11372, (347) 464-8694.

ATTORNEYS (IF KNOWN)
Unknown

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

42 U.S.C. Section 2000-e, et seq. (Title VII), and the Age Discrimination in Employment Act - Discrimination in employment

Has this action, case, or proceeding, or one essentially the same been previously filed in SDNY at any time? No [x] Yes [ ] Judge Previously Assigned

If yes, was this case  Vol. [ ] Invol. [ ]  Dismissed. No [ ] Yes [ ]  If yes, give date _____ & Case No. _____

IS THIS AN INTERNATIONAL ARBITRATION CASE?   No [x]   Yes [ ]

*(PLACE AN [x] IN ONE BOX ONLY)*          NATURE OF SUIT

**TORTS**

**ACTIONS UNDER STATUTES**

**CONTRACT**

- [ ] 110 INSURANCE
- [ ] 120 MARINE
- [ ] 130 MILLER ACT
- [ ] 140 NEGOTIABLE INSTRUMENT
- [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
- [ ] 151 MEDICARE ACT
- [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
- [ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
- [ ] 160 STOCKHOLDERS SUITS
- [ ] 190 OTHER CONTRACT
- [ ] 195 CONTRACT PRODUCT LIABILITY
- [ ] 196 FRANCHISE

**PERSONAL INJURY**

- [ ] 310 AIRPLANE
- [ ] 315 AIRPLANE PRODUCT LIABILITY
- [ ] 320 ASSAULT, LIBEL & SLANDER
- [ ] 330 FEDERAL EMPLOYERS' LIABILITY
- [ ] 340 MARINE
- [ ] 345 MARINE PRODUCT LIABILITY
- [ ] 350 MOTOR VEHICLE
- [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
- [ ] 360 OTHER PERSONAL INJURY
- [ ] 362 PERSONAL INJURY - MED MALPRACTICE

**PERSONAL INJURY**

- [ ] 367 HEALTHCARE/ PHARMACEUTICAL PERSONAL INJURY/PRODUCT LIABILITY
- [ ] 365 PERSONAL INJURY PRODUCT LIABILITY
- [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**

- [ ] 370 OTHER FRAUD
- [ ] 371 TRUTH IN LENDING
- [ ] 380 OTHER PERSONAL PROPERTY DAMAGE
- [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**PRISONER PETITIONS**

- [ ] 463 ALIEN DETAINEE
- [ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
- [ ] 530 HABEAS CORPUS
- [ ] 535 DEATH PENALTY
- [ ] 540 MANDAMUS & OTHER

**FORFEITURE/PENALTY**

- [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
- [ ] 690 OTHER

**LABOR**

- [ ] 710 FAIR LABOR STANDARDS ACT
- [ ] 720 LABOR/MGMT RELATIONS
- [ ] 740 RAILWAY LABOR ACT
- [ ] 751 FAMILY MEDICAL LEAVE ACT (FMLA)
- [ ] 790 OTHER LABOR LITIGATION
- [ ] 791 EMPL RET INC SECURITY ACT

**IMMIGRATION**

- [ ] 462 NATURALIZATION APPLICATION
- [ ] 465 OTHER IMMIGRATION ACTIONS

**BANKRUPTCY**

- [ ] 422 APPEAL 28 USC 158
- [ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**

- [ ] 820 COPYRIGHTS
- [ ] 830 PATENT
- [ ] 840 TRADEMARK

**SOCIAL SECURITY**

- [ ] 861 HIA (1395ff)
- [ ] 862 BLACK LUNG (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID TITLE XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**

- [ ] 870 TAXES (U.S. Plaintiff or Defendant)
- [ ] 871 IRS-THIRD PARTY 26 USC 7609

**OTHER STATUTES**

- [ ] 375 FALSE CLAIMS
- [ ] 400 STATE REAPPORTIONMENT
- [ ] 410 ANTITRUST
- [ ] 430 BANKS & BANKING
- [ ] 450 COMMERCE
- [ ] 460 DEPORTATION
- [ ] 470 RACKETEER INFLU- ENCED & CORRUPT ORGANIZATION ACT (RICO)
- [ ] 480 CONSUMER CREDIT
- [ ] 490 CABLE/SATELLITE TV
- [ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
- [ ] 890 OTHER STATUTORY ACTIONS
- [ ] 891 AGRICULTURAL ACTS
- [ ] 893 ENVIRONMENTAL MATTERS
- [ ] 895 FREEDOM OF INFORMATION ACT
- [ ] 896 ARBITRATION
- [ ] 899 ADMINISTRATIVE PROCEDURE ACT/REVIEW OF APPEAL OF AGENCY DECISIO
- [ ] 950 CONSTITUTIONALITY O STATE STATUTES

**REAL PROPERTY**

- [ ] 210 LAND CONDEMNATION
- [ ] 220 FORECLOSURE
- [ ] 230 RENT LEASE & EJECTMENT
- [ ] 240 TORTS TO LAND
- [ ] 245 TORT PRODUCT LIABILITY
- [ ] 290 ALL OTHER REAL PROPERTY

**ACTIONS UNDER STATUTES**

**CIVIL RIGHTS**

- [ ] 440 OTHER CIVIL RIGHTS (Non-Prisoner)
- [ ] 441 VOTING
- [x] 442 EMPLOYMENT
- [ ] 443 HOUSING/ ACCOMMODATIONS
- [ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
- [ ] 446 AMERICANS WITH DISABILITIES -OTHER
- [ ] 448 EDUCATION

**PRISONER CIVIL RIGHTS**

- [ ] 550 CIVIL RIGHTS
- [ ] 555 PRISON CONDITION
- [ ] 560 CIVIL DETAINEE CONDITIONS OF CONFINEMENT

*Check if demanded in complaint:*

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ to be determ. OTHER _____

*Check YES only if demanded in complaint*
JURY DEMAND: [x] YES [ ] NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
IF SO, STATE:

JUDGE _____ DOCKET NUMBER _____

NOTE: You must also submit at the time of filing the Statement of Relatedness form (Form IH-32

*(PLACE AN x IN ONE BOX ONLY)*

**ORIGIN**

[X] 1 Original
Proceeding

[ ] 2 Removed from
State Court

   [ ] a. **all parties represented**

   [ ] b. **At least one
party is pro se.**

[ ] 3 Remanded
from
Appellate
Court

[ ] 4 Reinstated or
Reopened

[ ] 5 Transferred from
(Specify District)

[ ] 6 Multidistrict
Litigation

[ ] 7 Appeal to District
Judge from
Magistrate Judge
Judgment

*(PLACE AN x IN ONE BOX ONLY)*

**BASIS OF JURISDICTION**

[ ] 1 U.S. PLAINTIFF   [ ] 2 U.S. DEFENDANT   [X] 3 FEDERAL QUESTION   [ ] 4 DIVERSITY
(U.S. NOT A PARTY)

*IF DIVERSITY, INDICATE
CITIZENSHIP BELOW.*

CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

|  | PTF | DEF |  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 | [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 | [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | [ ] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2 | [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 | [ ] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

Mireille Mesias
51 E. Grove Street
Massapequa, New York 11758
Nassau County

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

Cravath, Swaine & Moore, LLP
825 8th Avenue
New York, New York 10019
New York County

DEFENDANT(S) ADDRESS UNKNOWN
   REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN
RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one:   THIS ACTION SHOULD BE ASSIGNED TO:   [ ] WHITE PLAINS   [X] MANHATTAN
(DO NOT check either box if this a PRISONER PETITION/PRISONER CIVIL RIGHTS
COMPLAINT.)

DATE 8/27/2014   SIGNATURE OF ATTORNEY OF RECORD

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[X] YES (DATE ADMITTED Mo. 10   Yr. 2005 )
Attorney Bar Code # TR-1900

RECEIPT #

Magistrate Judge is to be designated by the Clerk of the Court. MAG. JUDGE FREEMAN

Magistrate Judge _____ is so Designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

JUDGE FORREST

MIREILLE MESIAS

_____
*Plaintiff*

v.

CRVATH, SWAINE & MOORE, LLP

_____
*Defendant*

14 CV 7070

)
)
)
)
)
)
)

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Cravath, Swaine & Moore, LLP
825 8th Avenue
New York, New York 10019

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Thomas Ricotta
White Ricotta & Marks, P.C.
86-12 37th Avenue, Second Floor
Jackson Heights, New York 11372

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK
*CLERK OF COURT*

Date:   SEP 0 2 2014
_____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                              *Server's signature*

                                        _____
                                              *Printed name and title*

                                        _____
                                              *Server's address*

Additional information regarding attempted service, etc:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
MIREILLE MESIAS,

                               Plaintiff,

               -against-                                              **COMPLAINT**   14 - CV - 7070

CRAVATH, SWAINE & MOORE, LLP,                                        Jury Trial Demanded

                               Defendant.
-----------------------------------------------------------------------X

Plaintiff, MIREILLE MESIAS, by and through her attorneys, WHITE, RICOTTA &

MARKS, P.C., complaining of Defendant herein, alleges, upon knowledge as to herself and her

own actions, and upon information and belief as to all other matters, as follows:

## JURISDICTION AND VENUE

1.     This action is brought pursuant to Title VII of the Civil Rights Act of 1964, 42

       U.S.C. §2000-e, *et seq.*, the Age Discrimination in Employment Act, the New York

       State Executive Law, the Human Rights Law, §290, *et seq.*, the New York City

       Administrative Code Title 8, and any other cause of action which can be inferred

       from the facts set forth herein.

2.     The jurisdiction of this Court is invoked under 28 U.S.C. § 1331, the doctrine of

       pendant jurisdiction and the aforementioned statutory and constitutional

       provisions.

3.     Venue is proper pursuant to 28 U.S.C. § 1391.

1



4.   All conditions precedent to maintaining this action have been fulfilled.   A charge of discrimination was filed with the State Division of Human Rights on April 9, 2014, which dually filed the charge with the Equal Employment Opportunity Commission ("EEOC").   A notice of right to sue letter was issued to Plaintiff, dated June 24, 2014.   This action was properly instituted within ninety (90) days of Plaintiff's receipt of said notice.

**PARTIES**

5.   At all times hereinafter mentioned, Plaintiff Mireille Mesias ("Mireille") was and still is a resident of the County of Nassau, State of New York.

6.   Defendant, Cravath, Swaine & Moore, LLP, ("Cravath"), was and still is a corporate entity with a principal place of business located at 825 8th Avenue, New York, New York 10019.

**FACTS**

7.   Mireille is a Haitian female. She is 59 years old, and her birthday is January 29, 1955.

8.   Mireille began working as a Word Processing Specialist ("WPS") at Cravath in March, 1997. At all relevant times hereinafter mentioned, Mireille was the only one of her similarly situated colleagues who was Haitian.

9.   One other Haitian person was hired in 2012. However, this person was terminated before the end of the 3-month probationary period.

2

10.    At all relevant times hereinafter mentioned, Mireille was a hard-working, dedicated employee, and was routinely praised for her work performance by her superiors and colleagues.

11.    In November 2003, Lenny Tropp ("Tropp"), Supervisor, issued Mireille a written warning regarding Mireille's alleged failure to communicate a piece of information to Saundra Johnson (Assistant Supervisor). However, Mireille had, in fact, already relayed this information to Kathy Lyles ("Lyles"), Supervisor. In spite of this, Tropp blamed Mireille and refused to listen to her explanation.

12.    In early 2004, the November 2003 incident was wrongfully used to justify a "Partially Meets Standard" rating for one component of her performance evaluation for her 2003 year-end review, which Mireille disputed by writing "respectfully disagree" at the bottom of the review.

13.    In December 2004, Mireille, who had a vacation planned, requested to borrow two vacation days from the coming New Year. Mireille had previously discussed doing so with a non-Haitian colleague, who told Mireille that borrowing vacation days was standard practice, and, in fact, that non-Haitian colleague's request to do the same had previously been approved. In spite of this, Tropp denied Mireille's request, thus treating her in a disparate manner as compared to her non-Haitian colleague.

14.    Beginning in 2006, Mireille began to have several issues with the computer at her work station, including several important job-related applications malfunctioning or not working properly. Mireille informed both Tropp and George Polley ("Polley"), Assistant Supervisor, of these problems. While these issues would

3

temporarily be fixed for a few days, they would always resurface, thus creating the illusion that Mireille was derelict in fulfilling her job duties. When Tropp later issues a warning to Mireille related to these computer issues, she requested a meeting with Barbara Zappavigna ("Zappavigna"), Director of Document Processing Department. However, at that meeting, Tropp lied and told Zappavigna that Mireille had never informed him that she was having computer problems.

15. These computer problems continued into 2007. Mireille again continued to inform Tropp and Polley of this issue, but, as before, temporary fixes were made, yet problems would soon resurface and ultimately remained unresolved. As a result, Mireille was again issued a "Partially Meets Standards" rating, which she refused to sign, having previously been advised that if she did not agree with the evaluation, it was appropriate for her to not sign. In response, in her 2007 year-end review, Tropp claimed that Mireille was "not being receptive to criticism," that "[Mireille's] accuracy and judgment have not met the Department's standard," and that "while [Mireille] is capable of producing high quality work, [Mireille] did not meet [her] goal of consistently looking over documents…" As a result of this unabated discriminatory treatment, Mireille joined an Employment Assistance Program ("EAP") at the end of 2007.

16. From 2008 to 2009, while Mireille was involved in the EAP, Tropp generally left Mireille alone. Upon information and belief, Tropp did so because Mireille joined the EAP, and as such, Tropp did not want his behavior to appear to be retaliatory.

17. In November 2010, Mireille wrote a note to Rita Wilson ("Wilson"), Assistant Supervisor, in which she complained about how distribution of work assignments unfairly affected Mireille. After doing so, the scrutiny leveled against Mireille and her performance increased even more.

18. Toward the end of 2011, after a staff meeting, Tropp stated in front of Mireille and several of her colleagues that "this is the last time I'm working with menopausal women!"

19. In late December 2011, Cravath failed to reward Mireille an Attendance Incentive Bonus, despite the fact that she met the requirements for the bonus. When Mireille informed Tropp of this oversight, Tropp told Mireille that there was nothing he could do about it. Eventually, Mireille was able to get the issue resolved through Diane Marni, thus showing that Tropp willfully refused to help Mireille, even though he was able.

20. In May 2012, Mireille received another wrongful performance evaluation for her 2011 year-end review, and she subsequently submitted a rebuttal to said review. This rebuttal again highlighted the numerous computer-related problems affecting Mireille's ability to do her job; none of her alleged issues were due to her incompetence or lack of ability. Mireille received no follow-up from her superiors regarding her rebuttal.

21. On October 26, 2012, Mireille was wrongfully put on probation for one minor error involving the transcribing of a tape. In response to being put on probation, Mireille submitted a memorandum to Lina Maglara ("Maglara"), Director of Human Resources, defending herself and explaining why probation was wrongful

5

and punitive. Despite Mireille providing a reasonable explanation for the incident, Maglara moved forward in imposing the punitive three-month probationary period imposed on Mireille.

22. At the end of January 2013, Mireille's probation ended.

23. In May 2013, Mireille received another unjustified written warning from Tropp, even though she had followed the Department's standard protocol on the issue at hand. Again, Mireille's non-Haitian, similarly situated colleges who had not committed similar alleged errors, were not reprimanded in any way, let alone issued a written warning.

24. On June 27, 2013, Mireille was called into a meeting with Tropp and Polley, wherein Tropp falsely accused Mireille of making an error related to a log card (this log card had been generated by another, non-Haitian employee). Mireille defended herself in the meeting and stated that she felt she was being harassed. As Mireille, Tropp, and Polley exited the room, Mireille overheard Tropp say to Polley, in sum and substance, that he was tired of working with "menopausal women."

25. On September 23, 2013, Tropp accused Mireille of failing to revise a document, when Mireille not only made the requisite changes, but submitted the revisions to Diane Konsky ("Konsky"), Assistant Supervisor, for review.

26. On October 3, 2013, Mireille was terminated. In her exit interview, Maglara and Tropp alleged that Mireille's continued errors were the reason for her dismissal. Mireille reminded Tropp of all the computer problems that had plagued her

6

throughout the last several years. Maglara and Tropp did not acknowledge Mireille's defense.

27. Based on the foregoing, Mireille has been subjected to adverse employment actions, a hostile work environment, and/or an atmosphere of adverse employment actions by Defendant due to her gender, age, and/or national origin in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.* the Age Discrimination in Employment Act, the New York State Human Rights Law, the New York City Administrative Code, and any other cause of action which can be inferred from the facts set forth herein.

## CLAIMS FOR RELIEF

28. Plaintiff has been subjected to adverse employment actions, a hostile work environment, and/or an atmosphere of adverse employment actions due to her gender and/or national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000-e, *et seq.*, the New York State Executive Law, the Human Rights Law, §290, *et seq.*, the New York City Administrative Code Title 8.

29. Plaintiff has been subjected to adverse actions, a hostile work environment, and/or an atmosphere of adverse employment actions due to her age, in violation of the Age Discrimination in Employment Act, the New York State Executive Law, the Human Rights Law, §290, *et seq.*, the New York City Administrative Code Title 8.

30. By reason of Defendant's violation of Plaintiff's rights, Plaintiff has suffered a loss of pay and other monetary benefits associated with her employment, in addition to suffering physical, emotional and other damages.

7

WHEREFORE, Plaintiff demands judgment against Defendant for all compensatory, emotional, punitive, and physical damages, lost pay, front pay, injunctive relief, and any other damages permitted by law.   It is further requested that this Court grant reasonable attorneys' fees and the costs and disbursements of this action and any other relief to which Plaintiff is entitled. Plaintiff demands a trial by jury.

Dated: Jackson Heights, New York
      August 27, 2014

                                      WHITE, RICOTTA & MARKS, P.C.
                                      *Attorneys for Plaintiff*
                                      86-12 37th Avenue, Second Floor
                                      Jackson Heights, New York 11372
                                      (347) 464-8694

                                      THOMAS RICOTTA (TR-1900)