## CRAVATH, SWAINE & MOORE LLP

STUART W. GOLD
JOHN W. WHITE
EVAN R. CHESLER
MICHAEL L. SCHLER
RICHARD LEVIN
KRIS F. HEINZELMAN
B. ROBBINS KIESSLING
ROGER D. TURNER
PHILIP A. GELSTON
RORY O. MILLSON
FRANCIS P. BARRON
RICHARD W. CLARY
WILLIAM P. ROGERS, JR.
JAMES D. COOPER
STEPHEN L. GORDON
DANIEL L. MOSLEY
JAMES C. VARDELL, III
ROBERT H. BARON
KEVIN J. GREHAN
C. ALLEN PARKER
SUSAN WEBSTER
DAVID MERCADO
ROWAN D. WILSON
CHRISTINE A. VARNEY
PETER T. BARBUR

SANDRA C. GOLDSTEIN
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
JULIE A. NORTH
ANDREW W. NEEDHAM
STEPHEN L. BURNS
KEITH R. HUMMEL
DAVID J. KAPPOS
DANIEL SLIFKIN
ROBERT I. TOWNSEND, III
WILLIAM J. WHELAN, III
SCOTT A. BARSHAY
PHILIP J. BOECKMAN
ROGER G. BROOKS
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK
THOMAS E. DUNN
MARK I. GREENE
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: +1-212-474-1000
FACSIMILE: +1-212-474-3700

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: +44-20-7453-1000
FACSIMILE: +44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER

(212) 474-1394

GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. MCATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
LIZABETHANN R. EISEN
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
JOEL F. HEROLD
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL
CRAIG F. ARCELLA
TEENA-ANN V. SANKOORIKAL
ANDREW R. THOMPSON
DAMIEN R. ZOUBEK
LAUREN ANGELILLI
TATIANA LAPUSHCHIK
ERIC L. SCHIELE
ALYSSA K. CAPLES
JENNIFER S. CONWAY
MINH VAN NGO

KEVIN J. ORSINI
MATTHEW MORREALE
JOHN D. BURETTA
J. WESLEY EARNHARDT
YONATAN EVEN
BENJAMIN GRUENSTEIN
JOSEPH D. ZAVAGLIA
STEPHEN M. KESSING
LAUREN A. MOSKOWITZ
DAVID J. PERKINS
JOHNNY G. SKUMPIJA
J. LEONARD TETI, II
D. SCOTT BENNETT
TING S. CHEN
CHRISTOPHER K. FARGO
KENNETH C. HALCOM
DAVID M. STUART

SPECIAL COUNSEL
SAMUEL C. BUTLER
GEORGE J. GILLESPIE, III

OF COUNSEL
PAUL C. SAUNDERS

November 3, 2014

<u>Mireille Mesias v. Cravath, Swaine & Moore LLP;
No. 14-cv-7070 (PAC)</u>

Dear Judge Crotty:

Pursuant to your Honor's Rule 3(D), I write on behalf of Defendant Cravath, Swaine & Moore LLP ("Cravath") to set forth the bases for its anticipated motion to dismiss the Complaint filed by Plaintiff Mireille Mesias and to request that the Court schedule a pre-motion conference. (Cravath is representing itself in this matter.)

A. <u>The Complaint Fails To Allege Unlawful Discrimination Under Federal Law.</u>

No matter which theory Plaintiff pursues—national origin, age and/or gender-based discrimination—and assuming the truth of the allegations, the Complaint fails to state a claim for discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") or the Age Discrimination in Employment Act of 1967 ("ADEA"): it does not allege circumstances giving rise to a plausible inference that Defendant took an adverse employment action against Plaintiff "because of" a protected characteristic. See <u>Henry v. N.Y.C. Health & Hosp. Corp.</u>, 2014 WL 957074, at *6 (S.D.N.Y. Mar. 10, 2014); <u>Vargas v. Reliant Realty</u>, 2014 WL 4446165, at *5-6 (S.D.N.Y. Sept. 9, 2014).

1. <u>The Complaint Does Not Raise an Inference of National Origin Discrimination.</u>

With respect to her claim of national origin discrimination, Plaintiff alleges that she "was the only one of her similarly situated colleagues who was Haitian" (Complaint ¶ 8), and states that she received less-favorable treatment related to vacation scheduling than "a non-Haitian colleague" (<u>id.</u> ¶ 13). That Plaintiff may have been the "only" Haitian word processing specialist at Cravath is insufficient to raise a plausible inference of discrimination. See <u>De La Peña v. Metro. Life Ins. Co.</u>, 953 F. Supp. 2d 393, 403, 413 (E.D.N.Y. 2013). Likewise insufficient is Plaintiff's conclusory allegation of disparate treatment. (<u>See</u> Complaint ¶ 13.) The Complaint fails to state—let alone plead any facts to suggest—that the person permitted to "borrow" vacation days was "similarly situated" to Plaintiff. See <u>Green v. Dist. Council 1707</u>, 2014 WL 3734101, at *5-6 (S.D.N.Y. July 29, 2014); <u>Henry</u>, 2014 WL 957074, at *7; <u>Almontaser v. N.Y.C. Dep't of Educ.</u>, 2014 WL 3110019, at *7 (E.D.N.Y. July 8, 2014).

2. <u>The Complaint Does Not Raise an Inference of Age or Gender Discrimination.</u>

With respect to her claim of discrimination based on age and/or gender, the Complaint alleges that Plaintiff overheard her supervisor make two comments about "menopausal women". (<u>See</u> Complaint ¶¶ 18, 24.) However, the Complaint does not even attempt to connect these statements to Plaintiff's ultimate discharge from Cravath (or to any other adverse employment action). Therefore, the two stray remarks—made over a year apart during the ten-year period at issue and utterly lacking any nexus to an adverse employment action (Plaintiff's termination occurred more than three months after the second remark)—cannot support a plausible inference of discrimination. See <u>De La Peña</u>, 953 F. Supp. 2d at 413; <u>Henry</u>, 2014 WL 957074, at *7-8; <u>Thompson v. ABVI Goodwill Servs.</u>, 2013 WL 505491, at *4-5 (W.D.N.Y. Feb. 8, 2013); <u>Kouakou v. Fideliscare N.Y.</u>, 920 F. Supp. 2d 391, 399 (S.D.N.Y. 2012) (finding comments were not probative of discriminatory animus where, among other

things, the comments were made 4-5 months before plaintiff's termination, and citing cases with similar holdings).[1]

   3. <u>The Complaint Does Not Plead a Hostile Work Environment.</u>

   The Complaint also fails to state a claim under Title VII and the ADEA based on a theory of hostile work environment. According to the Complaint, Plaintiff overheard two inappropriate comments and received disciplinary warnings and negative performance evaluations. Even if Plaintiff alleged that Defendant took these actions "because of" a protected characteristic, the Complaint would still fail to state a hostile work environment claim, as the conduct alleged is neither severe nor pervasive. See <u>Almontaser</u>, 2014 WL 3110019, at *7-8; <u>Smith v. HBO</u>, 2013 WL 2285185, at *3 (E.D.N.Y. May 22, 2013).

  B. <u>The Complaint Fails To Allege Unlawful Discrimination Under State Law.</u>

   For the reasons provided above, the Complaint also fails to state a claim for discrimination under the New York State Executive Law ("NYSHRL") and the New York City Administrative Code ("NYCHRL").[2] See <u>Acosta</u>, 2012 WL 1506954, at *4-8 (dismissing claims brought under NYSHRL and NYCHRL along with federal discrimination claims); <u>Henry</u>, 2014 WL 957074, at *12 (dismissing discrimination claim brought under NYSHRL along with Title VII discrimination claim). At the very least, the Court should decline to exercise jurisdiction over Plaintiff's state law claims, because her federal law claims should properly be dismissed. See <u>Ivanov v. N.Y.C. Transit Auth.</u>, 2014 WL 2600230, at *7-8 (S.D.N.Y. June 5, 2014).

---

[1] Not only does the Complaint fail to allege that Plaintiff suffered an adverse employment action "because of" a protected characteristic, it notes that malfunctioning software "creat[ed] the illusion that [Plaintiff] was derelict in fulfilling her job duties" (Complaint ¶ 14), and avers that "the scrutiny leveled against [Plaintiff] and her performance increased" after Plaintiff "complained about how distribution of work assignments unfairly affected" her (<u>id.</u> ¶ 17)—non-protected activity. Therefore, the Complaint should also be dismissed because it offers non-discriminatory explanations for Defendant's actions towards Plaintiff. See <u>Acosta v. City of New York</u>, 2012 WL 1506954, at *5 (S.D.N.Y. Apr. 26, 2012); <u>McJunkin v. Suffolk Cnty. Civil Serv.</u>, 2014 WL 3490720, at *4-5 (E.D.N.Y. July 10, 2014).

[2] While a hostile work environment need not be severe and pervasive under the NYCHRL, "petty slights and trivial inconveniences" are not actionable. <u>Sosa v. Medstaff, Inc.</u>, 2013 WL 6569913, at *6-7 (S.D.N.Y. Dec. 13, 2013).

Respectfully,

*Stuart W. Gold*

Stuart W. Gold

Hon. Paul A. Crotty
   United States District Court
      Southern District of New York
         500 Pearl Street, Chambers 1350
           New York, NY  10007

BY ECF AND HAND DELIVERY

Copy to:

Thomas Ricotta
   White Ricotta & Marks, P.C.
      86-12 37th Avenue, Second Floor
         Jackson Heights, New York  11372

BY ECF AND ELECTRONIC MAIL